**McTAGUE v. LIFE INS. CO. OF VIRGINIA.**

**No. 16059.**

Court of Appeal of Louisiana. Orleans.

March 23, 1936.

Curtis, Hall & Foster, of New Orleans, for appellant.

Eug. McGivney and Solomon S. Goldman, both of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by Mrs. Florence McTague, the beneficiary of a policy of industrial life insurance issued on the life of Roy T. Scheffield, in which the sum of $1,000, twice the face value of the policy, is claimed under the double indemnity feature thereof. The defendant filed an exception of no cause of action, which was maintained below, but, strangely enough, judgment was at the same time and in the same judgment awarded plaintiff on the merits for $234, as appears by the following:

" * * * It is ordered that the said exceptions be maintained and, accordingly, that plaintiff's demands as set forth in her original petition be rejected

"And defendant, through its counsel, having admitted in open court an indebtedness to the plaintiff in the sum of Two Hundred and Thirty-Four and 00/100 ($234.00) Dollars under plaintiff's supplemental and amended petition

"It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Mrs. Florence McTague, wife of C. G. Holifield, and against defendant, the Life Insurance Company of Virginia, in the sum of Two Hundred Thirty-Four and 00/100 ($234.00) Dollars. * * *"

Plaintiff has appealed. In this court, during oral argument, counsel for defendant has made the further admission that there should be judgment on the merits in favor of plaintiff for the full face value of the policy, or $500, contesting only the claim of plaintiff for double indemnity. The argument and briefs filed in this court covered many points which do not appear to have been passed upon by the trial judge, whose judgment appears to us to be most unusual, as we do not understand how, in dismissing the suit of plaintiff upon the ground that it discloses no cause of action, he could, at the same time, award judgment upon the merits for $234 based upon the oral admission of counsel for defendant during the argument of the exceptions that such sum was due plaintiff.

In our opinion the only question which we should at this time consider is the exception of no cause of action. We find that the petition alleges the following facts:

On October 24, 1927, the defendant insurance company issued a policy of life insurance to Roy T. Scheffield which was subsequently amended by a circular issued by defendant so as to provide for double indemnity. The policy provided for the payment of a weekly premium of 52 cents

and all weekly premiums were promptly and regularly paid for a period of 6½ years, or through the month of October, 1933. In the month of August a Mr. Black, an agent of defendant, induced Scheffield to apply for a larger policy and assured him that the value of his present policy could be used for the payment of the premiums on the larger policy for 18 months or two years after its issuance. Scheffield was told that no medical examination would be required, and, shortly after the application was signed, left the city of New Orleans for New Iberia, as he was required to do by his employer. Black informed Scheffield that no further premiums need be paid upon the small policy, which, would be maintained in full force and effect until the new policy was issued. In October, 1933, while the insured was in New Iberia, Black informed petitioner, the beneficiary of the policy, that for some unknown reason the insurance company insisted upon a medical examination and obtained the address of Scheffield for the purpose of having the examination made by some physician near New Iberia, La. Subsequently, Mr. O'Neal Barrett, manager of the defendant company at Baton Rouge, La., informed the insured that the company desired him to come to Baton Rouge for the purpose of having an examination, but, due to a change in employment, insured was unable to go. On October 9, 1933, Black made another visit to petitioner, the insured being out of town, and obtained the sum of $1.04 to cover two weeks' additional premiums upon the ground that defendant insurance company had informed Black that this sum was necessary in order to keep the smaller policy in force pending the issuance of the larger one, at the same time assuring petitioner that there would be no difficulty in the issuance of the larger policy. On December 22, 1933, Scheffield, while en route to New Orleans for the express purpose of undergoing a medical examination, was injured in an automobile accident which occurred near Franklin, La., and was removed to the Baptist Hospital in New Orleans, where he died on December 24, 1933.

The basis of the exception of no cause of action is the following clause in the policy, which, incidentally, was not attached to the petition, but, apparently by mutual consent, has been considered in connection therewith: "10th. *Alterations and Waivers.*—Agents (which term includes District Managers and Assistant District Managers) are not authorized to make, alter or discharge contracts or waive forfeitures. * * *"

The argument is made that in view of this provision of the policy, Black, the agent of the insurance company, was without authority to extend the smaller policy pending the issuance of the larger policy. The clause is said to have been approved as valid in many jurisdictions, particularly in Louisiana. Shuff v. Life & Casualty Ins. Co., 164 La. 741, 742, 114 So. 637. Without discussing whether the clause referred to would so restrict the authority of the agents of defendant as to invalidate the transaction relied upon here, concerning which we express no opinion, we find the facts alleged in the petition to involve the principal as well as the agent, for it is made to appear that the company was actively participating in the transaction and from time to time instructing its agents in New Orleans and Baton Rouge in the steps to be taken to bring about the exchange of policies. The clause relied on cannot affect a situation of this kind. The exception of no cause of action was improperly maintained and the case must be remanded to the district court for trial upon the merits.

The other questions which are presented in the briefs of counsel and which were argued on the trial of the case need not be considered at this time.

For the reasons assigned, it is ordered that the judgment appealed from be, and it is, reversed, the exception of no cause of action overruled, and this cause remanded to the Civil District Court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed.

Reversed and remanded.